The opinion of the Court was delivered by
Wardlaw, Ch.
This Court is satisfied with the conclusion of the Chancellor to reject the claim of Mr. Brown for compensation, from the corpus of the estate, for improvements put upon the premises while in his possession. The claim of this defendant, for compensation for improvements, is weaker than similar claims, which have been rejected, in the cases of Thurston vs. Dickinson, 3 Rich. Eq. 316, and of Corbett vs. Laurens Ms. Charleston, Jan. 1852.
The remaining ground of appeal concerns the disallowance of the payments made by Brown to Mrs. Gibbes, the tenant for life, after his purchase of the wharf. In this respect, too, we *300 are content with the general conclusion of the Chancellor ; but we think the defendant, Brown, is entitled to credit for such payments to Mrs. Gibbes, the cestui que trust for life, as did not exceed her interest in the proceeds of sale, after deducting the expenditures and commissions of the trustee. Brown was contumacious in paying directly to the beneficiary, after the decree of this Court, affirming the right of the trustee to control the expenditure of the fund, and we are little disposed to encourage such contumacy; still, it is not just that the beneficiary should be twice paid, nor that the trustee should retain the fund for his own emolument. The case is to be treated as if Brown had paid the money to the trustee, and the trustee had paid it over to the beneficiary. Brown is entitled to be subrogated to the rights of the beneficiary, without disparagement of the rights of the trustee; and it is adjudged that the payments by Brown to Mrs. Gibbes shall be allowed, to the extent of her nett income, after all proper allowances to the trustee.
The extent of the trustee’s expenditures is ascertained, and the amount of his commissions, if he claims them, is of easy calculation. So, too, the nett income of Mrs. Gibbes, which may be covered by Brown’s payments, is simply a matter of figures, not requiring additional evidence. The whole correction of the Master’s report, which we have directed by this opinion, is ministerial, and not requiring a new reference.
It is. ordered and decreed, that the Master conform his report to the opinions hereinbefore expressed, and that, unless the defendant, Brown, pay the amount due on his bonds for the mortgaged premises, with the interest thereon, before the first Monday of March next, that Master Gray do sell, on the day last mentioned, the mortgaged premises for cash, or upon such credit, with interest from the day of sale, as those beneficially interested in the mortgage may direct, In all other particulars, the Circuit decree is affirmed, and the appeal is dismissed.
Dunkin and Dargan, CC., concurred.
Johnston, Ch., absent at the hearing.

Decree modified.